UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORETTA STEWART**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6755** |
| **DOLLAR TREE STORES, INC.**<br>    Defendant | **SECTION "E"** |

ORDER AND REASONS

Before the Court is plaintiff Loretta Stewart's ("Stewart") Motion to Remand.[1] Defendant Dollar Tree Stores, Inc. ("Dollar Tree) did not file an opposition to Stewart's motion.[2] For the following reasons, Stewart's motion is **GRANTED.**

Stewart filed suit against Dollar Tree in 32nd Judicial District Court of Terrebonne Parish, seeking to recover for injuries she sustained while shopping at Dollar Tree.[3] Dollar Tree removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.[4] Stewart moved to remand the case to state court arguing the amount in controversy does not satisfy the jurisdictional requirement.[5] Stewart also submitted a post-removal signed declaration that her total recovery is limited to an amount not to exceed $75,000.[6]

---

[1] R. Doc. 8.

[2] Stewart's motion was noticed for submission on February 26, 2014. Local Rule 7.5 requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. Dollar Tree did not file a timely opposition to Stewart's motion.

[3] R. Doc. 1.

[4] R. Doc. 1.

[5] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

[6] R. Doc. 11.

1

The Fifth Circuit has established a clear framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts. Louisiana law does not allow a plaintiff to plead a specific amount of damages. *See* La. Code. Civ. P. art. 893. A plaintiff is required to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." *Id.* However, when the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *Bryan v. Rosser*, 2014 WL 379147 at *2 (E.D. La. Feb. 3, 2014)(citing *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 882 (5th Cir. 2000)). The defendant may prove that amount by demonstrating the claims are likely above $75,000 in sum or value, or by setting forth the facts in the controversy that support a finding of the requisite amount. *Id.*

The jurisdictional facts that support removal must be judged at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). A post-removal affidavit or stipulation may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.* 988 F.2d 559, 565 (5th Cir. 1993). If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Gebbia* 233 F.3d at 883.

In this action, the amount in controversy at the time of removal was ambiguous.

Stewart's state court petition alleges she was struck in the head by a PVC pipe. Stewart seeks damages for past, present and future mental pain and suffering, and past and future medical expenses. Stewart did not generally allege in her petition that her claim exceeds or is less than the jurisdictional amount pursuant to La. Code C. P. 893. Thus, because the amount in controversy was ambiguous at the time of removal, the Court may consider Stewart's post-removal stipulation in determining whether or not the defendant has demonstrated that the amount in controversy requirement is met.

Dollar Tree's notice of removal does nothing more than state "the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the information pled by the Plaintiff."[7] As the removing defendant, Dollar Tree has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 and it is not facially apparent from Stewart's petition that the jurisdictional requirement is met. Considering the facts alleged in Stewart's petition, Stewart's post-removal stipulation, and the fact that Dollar Tree did not file an opposition to Stewart's Motion to Remand, the Court finds that the amount in controversy requirement for diversity jurisdiction has not been met. The case must be remanded to state court for further proceedings.

Accordingly, **IT IS ORDERED** that Stewart's Motion to Remand be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

**New Orleans, Louisiana, this 4th day of April, 2014.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 1, p. 2.